HUBERT E. WARNER *vs.* CHARLES WILLOUGHBY.

New Haven & Fairfield Cos., April T., 1891. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

A parol promise, by a party for whom a building is being erected under a contract, made to a sub-contractor, that if the latter would not file a lien he would pay his bill if the principal contractor did not, and so much of it as the latter should fail to pay, with a neglect of the sub-contractor in consequence to file a lien, is within the statute of frauds and void.

[Argued April 21st—decided May 25th, 1891.]

ACTION on a promise of the defendant to pay the plaintiff for work to be done and materials to be furnished as a subcontractor in the erection of a building, in case the principal contractor should not pay him; brought to the Court of Common Pleas of New Haven County, and tried to the jury before *Studley, J.* Verdict for the plaintiff, and appeal by the defendant for error in the rulings and charge of the court. The case is fully stated in the opinion.

*C. H. Fowler*, for the appellant.

*E. P. Arvine*, for the appellee.

SEYMOUR, J. The complaint in this case alleges, in substance, that one Humphrey contracted to erect a dwelling house for the defendant on the defendant's land. On the same day Humphrey made a contract with the plaintiff as a

sub-contractor, to do the mason work upon the house for seven hundred dollars. Before the plaintiff began to work under his contract he informed the defendant that he had made it and of the terms thereof, and stated that he should at once give written notice to him, the defendant, that he intended to claim a lien for the services he should render and the materials that he should furnish in performing the contract, and should file a mechanic's lien therefor in due time in the town clerk's office. And the defendant thereupon agreed that if the plaintiff would not give such notice nor claim nor file any lien upon said dwelling house and the premises on which the same stood, for services rendered and materials furnished by him in the construction thereof, he, the defendant, would pay him the contract price on his performance of the contract and for such work as he should do on the house, provided the same was not paid by Humphrey, or so much thereof as Humphrey did not pay. And, in consideration thereof, the plaintiff promised the defendant that he would not give any notice of such lien, or claim or file any lien upon the premises. The plaintiff did not give any notice of such lien nor claim nor file any lien upon the premises, and fully performed his contract with Humphrey. Humphrey paid the plaintiff a part of the contract price, but has never paid him in full, and the defendant refuses to pay the balance due upon the same.

The finding of facts gives the testimony of the plaintiff and his son respecting the agreement between the plaintiff and defendant. The plaintiff testified as follows:—" I said to Mr. Willoughby that I had just been burned by Mr. Humphrey's brother, and if I did the mason work to that house I wanted to secure myself and be sure I got my money when I got the work completed, and that the law provided for a sub-contractor that I should file a notice of lien. I asked him, I says—' You don't want a lien put on your house do you?' He says—' No; if you will keep off your lien I will see that you have your pay. The money all comes through my hands.' ' Well,' I says, ' then, Mr. Willoughby, I wont put on the lien.'" The plaintiff's son

testified to the same effect, and also that during the progress
of the work he heard the defendant say he was perfectly
satisfied with the way the plaintiff was doing his work and
he should see that he had his pay; and that when the work
was nearly completed the defendant said—" He has done
me a good job and I am satisfied, and I will see he has his
money, and when it comes to Humphrey he will have to
come pretty near to living up to the contract."

The defendant objected to the testimony of the plaintiff
and his son, which was all that the plaintiff offered to prove
the contract and the terms thereof, on the ground that the
promise as alleged was not in writing and was therefore
within the statute of frauds. The court overruled the objec-
tion and admitted the testimony, and the defendant excepted.

The defendant denied that he made the promise alleged
in the complaint or testified to as aforesaid.

Several requests to charge were filed by the defendant
which were not complied with. The court, among other
things, charged the jury as follows :—" If you find that it
was agreed between the plaintiff and defendant that the
plaintiff should not file a lien on the defendant's house, and
that the defendant, in consideration of his not filing a lien,
should see that he was paid for his work upon the house,
that is, should pay him if Mr. Humphrey did not, and if
you further find that the plaintiff did not file the lien and
has not been paid, your verdict should be for the plaintiff to
recover the balance remaining due him. If you find this
contract to have been made, that is, the contract which the
plaintiff has testified to, it is not necessary that it should be
in writing. If in consideration that the plaintiff would not
file a lien the defendant promised to see the plaintiff paid,
that contract is a good and valid one. If this contract was
made and the plaintiff did not file a lien, and was not paid in
full by Humphrey, the defendant is liable for the balance."

The jury returned a verdict in favor of the plaintiff to
recover one hundred dollars damages, and the defendant
appealed.

A number of reasons for appeal are assigned. It will be

sufficient if we notice those which present the question whether the promise sued upon, testified to, and presented to the jury by the court as a valid promise, was within the statute of frauds.

It seems to have been understood by the parties and the court alike that the defendant did not agree that, if the plaintiff would forbear proceedings to place a lien upon the premises described, the defendant would pay him the seven hundred dollars or any part thereof for which he had contracted to do the work. No such promise is alleged or testified to. On the contrary the promise alleged and testified to is substantially the promise of which the court treated in its charge and instructed the jury to be a valid and binding one though not in writing, namely, a promise to see the plaintiff paid for his work, to pay if Mr. Humphrey did not. This is clearly not a direct undertaking to answer in the first instance. It was not understood by the parties that Humphrey was not liable to pay the plaintiff under the contract, or that his liability was affected by the undertaking of the defendant. Humphrey continued liable and in fact paid a large part of the contract price. The undertaking upon which the plaintiff relied was that of a person not before liable, for the debt or duty of another who continued liable to pay for the work performed under the contract. It was a collateral undertaking and within the statute of frauds.

The construction of the statute, and especially of the second clause thereof, has been so recently considered in *Dillaby* v. *Wilcox, ante,* p. 71, that it would be superfluous to consider it at any length here. The principles there laid down are decisive of this case. The court below was wrong in holding, upon the question of the admissibility of evidence and in its charge to the jury, that it was not necessary to the validity of the contract relied upon by the plaintiff that it should have been in writing.

There is error in the judgment appealed from and a new trial is ordered.

In this opinion the other judges concurred.