CHRISTOFORO FESTA *vs.* ELLA STRAUSS.

Third Judicial District, New Haven, January Term, 1920.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

In an action for labor and materials used in the construction of a side-walk, the plaintiff testified that he had refused to do the job for one *S*, the general contractor, until the defendant, who owned the premises, assured him that if he would do the work she would pay him if *S* did not; and that thereupon he agreed to, and did, lay the pavement. The defendant denied the truth of the plaintiff's testimony. *Held* that there was nothing inherently incredible in the plaintiff's story, nor any ground for setting aside, as against evidence, a verdict in favor of the plaintiff.

Argued January 27th—decided March 5th, 1920.

ACTION to recover for materials and labor furnished in laying a cement sidewalk upon the defendant's premises, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Wolfe*, *J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

The defendant contracted with one Skolnick, as general contractor, for the construction of a building, under a contract which called for the laying of a concrete sidewalk around the same. It was admitted that the plaintiff laid the sidewalk, and that he had not been paid by the contractor. The disputed question of fact was whether the plaintiff was a subcontractor under Skolnick, as defendant claims, or whether, as the plaintiff claims, he had contracted directly with the plaintiff as owner or as guarantor. There was a verdict for the plaintiff, and a motion for a new trial on the ground that the verdict was against the evidence was denied.

*Walter J. Walsh,* for the appellant (defendant).

*William J. McKenna*, for the appellee (plaintiff).

BEACH, J.   Plaintiff testified, in substance, that he refused to contract with Skolnick for the laying of the pavement, and finally signed a written contract on Skolnick's promise that he would get the defendant also to sign it; that he afterward talked with Skolnick in the defendant's presence, and refused to begin the work because defendant had not signed; that the defendant still later came to him and agreed that if he would do the work she would pay him if Skolnick did not, and upon that assurance he agreed to and did lay the pavement in question.   Defendant denied that she had promised to pay for the work done, and contradicted in detail the plaintiff's account of conversations with her and in her presence.

There is nothing inherently incredible in the plaintiff's story, and the jury having accepted it as true, the legal result is that the plaintiff had not contracted to perform the work until he agreed to begin it in reliance upon the defendant's promise to pay if Skolnick did not.   If the issue of the statute of frauds were before us, this would be enough to distinguish the case at bar from *Warner* v. *Willoughby*, 60 Conn. 468, 22 Atl. 1014, on which the defendant relies.

There is no error.

In this opinion the other judges concurred.