CARMELO MAZZOTTA *v.* JOHN D. GORA ET AL.

COURT OF COMMON PLEAS    MIDDLESEX COUNTY    FILE No. 1968

Memorandum filed July 7, 1954.

*James M. Kelly,* of Middletown, for the plaintiff.

*Louis W. Johnson,* of Middletown, for the defendants.

FITZGERALD, J. In this action the plaintiff is seeking to recover of the defendants, husband and wife, the sum of $684 for the plastering of their home on Barbara Road, Middletown, while under construction by a general contractor. Since the decision turns on technical aspects, the essential facts require a general statement.

On September 24, 1951, the defendants entered into a written contract with one Fred Dean, a building contractor, for the construction of a dwelling house and incidentals connected therewith. The total cost was to be $12,500, payable in specified instalments as the work progressed. The plaintiff is also a contractor and specializes in masonry work. On February 26, 1952, he entered into a written subcontract with Dean in which he agreed to build the fireplace in the defendants' house and plaster certain rooms therein. The agreed total price to be paid the plaintiff by Dean was $1134. This latter contract did not provide for instalment payments as the work thereunder progressed.

The plaintiff built the fireplace in the following month over a four-day period. Dean found fault with the plaintiff's work, taking the position that the placement of the fireplace was several inches at

variance with its proper location. As a result the plaintiff quit the job without commencing the plastering work. It does not appear that the defendants had any altercation with Dean or the plaintiff regarding the variance in the placement of the fireplace. Neither up to that time nor at any later time did the plaintiff ever receive any money from Dean. Nor did the plaintiff ever file a mechanic's lien against the property to protect his interest.

Sometime in the middle of May, 1952, the defendant wife urged the plaintiff to complete the plastering work under his subcontract with Dean. She told the plaintiff that she would shortly be making a $2000 instalment payment to Dean through her attorney, and added: "I'll see that you will get your money." She further testified, and the court finds it to be a fact, that she told the plaintiff that she would let him know the day that her check would be turned over to her attorney for transmission to Dean. Such a check, dated June 2, 1952, and cashed by Dean a few days later, was issued by the defendant wife pursuant to the foregoing stipulation. Thereafter Dean defaulted in the balance of his contract with the defendants.

The plaintiff did complete the plastering work after the request of the defendant wife and before the June payment to Dean. In resisting the plaintiff's claim that they are owing money to him for the plastering work, the defendants take the following stand: (1) The plastering work done by the plaintiff is reasonably worth $684 but, contrary to the plaintiff's complaint, there was not in law and in fact an express promise by them to pay for the undertaking; (2) the statement of the defendant wife—"I'll see that you will get your money"—being oral, is unenforceable under the statute (General Statutes § 8293) as an agreement upon which they can be charged.

It is found that the statement by the defendant wife to the plaintiff—"I'll see that you will get your money"—was never intended by her to signify, or understood by the plaintiff as meaning, that the defendants would become primarily liable for the plastering work to be performed by the plaintiff. Hence the plaintiff must fail in this action. See *FitzSimmons* v. *International Assn. of Machinists,* 125 Conn. 490, 500; 49 Am. Jur. 418 § 61, 419 § 63. The rigor of the rule as adopted in Connecticut is best evidenced by the situation disclosed in the case of *Warner* v. *Willoughby,* 60 Conn. 468.

The short answer to the plaintiff's suggestion that he should be entitled to a recovery in any event under the doctrine of unjust enrichment is that the case as pleaded and tried does not warrant the invoking of that doctrine.

For all that appears, the general contractor in the person of Dean has imposed in a rather vicious manner upon both the plaintiff and the defendants. He has cost the parties hereto money and heartaches. That he has dealt dishonorably with the parties by running out on his contractual obligations with them does not advantage the unfortunate plaintiff in this action against the equally unfortunate defendants.

Judgment is required to be entered for the defendants.